IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

F �header ᴅ

**July 14, 1999**

**Cecil Crowson, Jr.
Appellate Court
Clerk**

| | | |
|---|---|---|
| WILLIAM K. BUCHANAN, JR., | ) | RHEA CIRCUIT |
| | ) | |
| Plaintiff/Appellant | ) | NO. 03A01-9811-CV- |
| 00387 | | |
| | ) | |
| v. | ) | HON. J. CURTIS SMITH |
| | ) | JUDGE |
| KATHY YOUNG and DONNIE | ) | |
| YOUNG, | ) | |
| | ) | |
| Defendants/Appellees | ) | AFFIRMED |

Steven D. Brown, Chattanooga, for the Appellant.
James W. McKenzie, Dayton, for the Appellee.


**M E M O R A N D U M   O P I N I O N**

_____INMAN, Senior Judge

The plaintiff, a resident of Hawaii, contracted to buy D & K Auto Salvage

from the defendants in August 1994, for $450,000.00. He employed Tom Gargone

to manage the business.

The transaction was reduced to writing by Gargone. The contract provided

that the plaintiff would pay $15,000.00 cash down, and the balance in 30 days.

The plaintiff was unable to negotiate a purchase-money loan, and the parties

orally agreed to amend the contract by extending the time for payment of the

balance an additional 30 days in consideration of another payment of $15,000.00.

Again, the plaintiff could not perform, and a second oral agreement was reached,

whereby the plaintiff agreed to pay $25,000.00 on November 1, 1994, $25,000.00

on January 1, 1995, and monthly payments of $6,000.00 beginning November 1,

1994.

The plaintiff took possession of the business upon execution of the written contract. He operated the business as Parts Mart, Inc., but never made application for a charter. The plaintiff had no experience in the auto salvage business, and left all the management decisions to Gargone. During the four months the plaintiff operated the business per Gargone, he paid the defendant the aggregate amount of $61,000.00. The principal payment of $25,000.00 and the monthly payment of $6,000.00 due January 1, 1995 were not paid, and the defendants filed a detainer action in the General Sessions Court which rendered an order of possession[1] to the defendants.

The plaintiff filed this action for damages for breach of contract on February 1, 1996, alleging that the defendants obtained the order of possession by fraud,[2] and that they have refused to accept the balance owing. The defendants generally denied the allegations, and expressly pleaded that the plaintiff breached the contract by failing to pay the amount due January 1, 1995.

The trial judge found that the plaintiff breached the contract when he failed to make the January 1, 1995 payments, that the breach was material, and was an absolute defense to the complaint. The plaintiff appeals, and presents for review the sole issue of whether the trial court erred in finding that he had materially breached the contract, thereby relieving the appellees from further performance.

Our review of the findings of fact made by the trial Court is *de novo* upon the record of the trial Court, accompanied by a presumption of the correctness of

---

[1] The judgment of the General Sessions Court was likely entitled to a greater significance than it was accorded. It was not appealed.

[2] This allegation was apparently abandoned.

the finding, unless the preponderance of the evidence is otherwise. TENN. R. APP. P., RULE 13(d); *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26 (Tenn. 1996).

The appellant argues that while the oral amendment, as found by the trial court, required the payment of $25,000.00 principal and $6,000.00 monthly installment on January 1, 1995, there was no testimony, except his own, as to the legal consequences of his failure. He argues that in such instances, the law provides that he has a reasonable time within which to cure the default. Since the defendants dispossessed him on January 2, 1995, he argues that he was not given a reasonable time.

On the face of it, this argument is obviously meritorious. But the extended facts reveal that the defendants demanded payment on January 1, 1995. When the plaintiff's then manager, Dione Thompson,[3] was unable to comply, the defendant Donnie Young went to the place of business to make further inquiry and found it abandoned, which generated the action in the General Sessions Court. The plaintiff was awarded possession on January 10, 1995, with no tender of payment forthcoming.

The record reveals that the plaintiff:

(1) failed to apply for a Charter of Incorporation, although publicly representing his business to be incorporated;

(2) failed to apply for a dismantling license from the Department of Safety of Tennessee;

(3) diminished the inventory, and did not replenish it during his four months' tenure;

(4) failed to remit sales taxes to the State.

We note that while the plaintiff paid $61,000.00 to the defendants, his sales during the four months he operated the business by agents exceeded that amount.

---

[3]Tom Gargone had been dismissed. The plaintiff was in Hawaii.

3

From all of which we are persuaded that further elucidation would not be productive, and that this is a proper case for affirmance pursuant to Rule 10, Rules of the Court of Appeals.[4]

The judgment is affirmed at the cost of the appellant.

_____
William H. Inman, Senior Judge

CONCUR:


_____
Herschel P. Franks, Judge



_____
Charles D. Susano, Jr., Judge

---

[4]**Affirmance Without Opinion - Memorandum Opinion.** (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case. [As amended by order filed April 22, 1992.]